

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2005

# Zhang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3806

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Zhang v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1305.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1305

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3806
_____

JING SHAN ZHANG,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,[*]

Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A77 645 120)

_____

Submitted Under Third Circuit LAR 34.1(a)
April 22, 2005

Before: ALITO, SMITH and BECKER, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: April 27, 2005)
_____

OPINION
_____

PER CURIAM

_____

[*]Caption amended pursuant to Rule 43(c), Fed. R. App. P.

Jing Shan Zhang seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition.

Because we write only for the parties, who are familiar with the facts and background, we will not recount them except as necessary to our discussion. Zhang, a citizen of the People's Republic of China, fled his country in November 1999 after becoming involved in an altercation with family planning officials as they arrested his sister for violating the country's birth control policy. When Zhang attempted to enter the United States without valid documents, he was apprehended and charged with inadmissibility.

Appearing before an immigration judge ("IJ"), Zhang conceded his inadmissibility. He applied for asylum, statutory withholding of removal, and relief under the Convention Against Torture based on his fear of persecution and torture for opposing China's birth control policy. The IJ fully credited Zhang's testimony, found his evidence insufficient to support an assertion of a well-founded fear of persecution, denied his applications for relief, and ordered him removed. On appeal, the BIA, by a single member, affirmed without opinion. Zhang now petitions for review.[1]

The Attorney General has discretion to grant asylum to any alien who qualifies as a refugee. See 8 U.S.C. § 1158(b)(1); Lukwago v. Ashcroft, 329 F.3d 157, 167 (3d Cir.

_____

[1] We have jurisdiction over Zhang's petition for review pursuant 8 U.S.C. § 1252. Because the BIA summarily affirmed without opinion, we review the IJ's decision. See Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc).

2003).  For relevant purposes, a refugee is any alien who is unable or unwilling to return to his country of nationality because of a well-founded fear of persecution on account of political opinion.  See 8 U.S.C. § 1101(a)(42); Lukwago, 329 F.3d at 167.[2]  Specifically, an alien who has a well-founded fear that he will be persecuted for resisting a coercive population control program is deemed a refugee.  See 8 U.S.C. § 1101(a)(42).  We review the IJ's factual determination that Zhang has not demonstrated a well-founded fear of persecution under the substantial evidence standard.  Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002).  Under this standard, we will uphold the IJ's findings to the extent that they are supported by reasonable, substantial, and probative evidence on the record as a whole.  Id.

We have reviewed the record in its entirety and find ample support for the IJ's conclusion that Zhang has no well-founded fear of persecution.  The altercation between Zhang and family planning officials occurred in October 1999, more than five years ago.  The altercation was completely verbal – Zhang was never physically attacked or threatened with physical harm.  No evidence of record suggests that Zhang ever spoke out against the Chinese government or its birth control policy except on this one occasion.

---

[2]Zhang also applied for statutory withholding of removal, which requires him to show that it is more likely than not that he will be persecuted on account of one of the statutorily prescribed attributes.  See 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16(b); Lukwago, 299 F.3d at 182.  Because we agree with the IJ that Zhang failed to satisfy the standard for asylum, as explained herein, he necessarily fails to meet the standard for statutory withholding of removal.  See Lukwago, 299 F.3d at 182.  To the extent Zhang also applied for relief under the CAT, we find no evidence giving rise to a claim of torture.  See 8 C.F.R. § 208.16(c).

This single incident occurred because he came to the defense of his sister, who remains in China with her husband. No evidence suggests that Zhang was charged with a crime or arrested, or that any outstanding warrant for his arrest exists. We agree with the IJ that Zhang has fallen far short of demonstrating a well-founded fear of persecution if returned to China.

For these reasons, we conclude that the IJ's findings are supported by reasonable, substantial, and probative evidence on the record as a whole. Accordingly, we will deny Zhang's petition for review.